IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOTALFACILITY, INC., et al., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DABEK, et al., | : | |
|     Defendants. | : | CIVIL ACTION |
| _____ | : | NO. 14-5324 |
| | : | |
| XTREME NATIONAL SERVICES, INC., | : | |
|     Counter-Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOTALFACILITY, INC., | : | |
|     Counter-Defendant. | : | |

**Jones, II    J.**                                                                                        **December 27, 2016**

## MEMORANDUM

Attorneys Michelle Rozovics and Lance Rogers (or "Movants" for purposes of this Memorandum) move to withdraw as counsel for Defendants in this case pursuant to Local Rule 5.1(c).[1] For the reasons set forth below, the motion is DENIED. Additionally, based on counsel's prior representations that the parties have reached a settlement, this case is dismissed pursuant to Local Rule 41.1(b).[2]

---

[1] Local Rule 5.1(c) provides that an attorney must obtain the court's permission to withdraw unless another qualified attorney simultaneously enters an appearance for the same party. There is no indication here that another attorney will replace Movants. Thus, Movants cannot terminate their appearance without leave from this Court.

[2] Local Rule 41.1(b) states: "Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c)."

**BACKGROUND**

Prior to the filing of this motion to withdraw, counsel had notified this Court that "the parties reached a settlement for all claims and counterclaims" during a June 20, 2016 settlement conference with the Honorable Lynne A. Sitarski, United States Magistrate Judge. ECF No. 89. This Court was also advised that counsel for Defendants (i.e., Movants) was in the process of drafting the formal agreement, which they expected to be finalized within 14 days. *Id*. The following day, this Court entered an order placing this matter in suspense pending formalization of the settlement agreement. ECF No. 90. Thereafter, on three separate occasions, the parties filed joint status reports in which they continued to affirm the existence of a settlement agreement, but requested an extension of time to allow Defendants the opportunity to evaluate the implications of that agreement in light of certain undisclosed criminal allegations raised during the settlement conference. ECF Nos. 92, 94, and 96. This Court generously granted the requested extensions. ECF Nos. 93, 95, and 98. In this Court's last order, dated September 8, 2016, the parties were directed to file a joint status report no later than November 7, 2016. ECF No. 98. The parties have failed to comply with that order. On November 21, 2016, Movants filed the present motion to withdraw in which they again confirmed that the parties "had reached a settlement of all claims and counterclaims during the June 20, 2016 Settlement Conference," but did not indicate whether the settlement agreement had been formalized. Movs.' Br. 3, ECF No. 99. Plaintiffs have not opposed the motion.

**DISCUSSION**

Ordinarily, upon notification that the parties have settled, a district court enters an order dismissing the action pursuant to Local Rule 41.1(b), even if the settlement agreement has not yet been executed or reduced to writing. *See, e.g., Mood v. Encore Kitchen & Bath Distribs.,*

*Inc.*, No. 10-83, 2011 U.S. Dist. LEXIS 5375, at *4 (E.D. Pa. Jan. 19, 2011) (dismissal entered before agreement was formalized); *McCune v. First Judicial Dist. of PA Prob. Dep't*, 99 F. Supp. 2d 565 (E.D. Pa. 2000) (dismissal entered even though agreement had not been executed).

In the present case, this Court did not immediately enter a Rule 41.1(b) dismissal upon notification of the settlement, and instead placed the matter in suspense, to allow the parties time to formalize the settlement agreement and give Defendants the opportunity to assuage their concerns over the criminal allegations raised during the settlement conference. The time has now come to bring this matter to its natural conclusion and enter an order dismissing this case pursuant to Local Rule 41.1(b). Consequently, the motion to withdraw is denied.

*McCune* is most instructive in this situation because there, as here, the court denied withdrawal in light of the fact that the parties had settled and the case was ripe for dismissal under Local Rule 41.1(b). 99 F. Supp. 2d at 566. In that case, the parties had orally agreed to settle after a mediation conference, but the plaintiff declined to sign the documents and ceased communications with her attorney. When the court informed the parties that the case was set for trial, the plaintiff resurfaced and reaffirmed her commitment to settle. Upon receiving notification of the settlement, the court dismissed the case as prescribed by Local Rule 41.1(b). The plaintiff subsequently moved to vacate the dismissal order and to reinstate a prior motion by counsel to withdraw. *Id.* at 565.

The court denied the motion to vacate, stating: "It is the law of this Circuit that 'an agreement to settle a lawsuit, voluntarily entered into is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing.'" *Id.* at 566 (quoting *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir.1970)). Counsel's representations that the parties had settled were enough to trigger dismissal even though the settlement agreement

3

had not yet been executed.  Likewise, the court denied the motion to withdraw, finding that "the relationship between Plaintiff and her counsel does not appear to be so strained that Counsel could not continue to represent the Plaintiff for the purpose of executing the settlement that has already been reached."  *Id*.  The court noted that "withdrawal of counsel at this point will simply delay the action further to the prejudice of the [opposing party]."  *Id*.

The circumstances in the present case call for the same course of action as in *McCune*.  Because this case is ripe for a Local Rule 41.1(b) dismissal, Movants will not be significantly burdened by continuing their representation through the execution of the settlement agreement or the completion of any subsequent proceedings arising out of the Local Rule 41.1(b) dismissal.  By contrast, this Court's ability to administer this case speedily and efficiently would be significantly hampered by withdrawal.

The Third Circuit has held that counsel "is entitled" to withdraw once their appearance "serves no meaningful purpose," otherwise district courts have wide discretion to consider a variety of interests in deciding motions to withdraw on a case-by-case basis.  *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014).  In assessing whether counsel's appearance no longer serves a meaningful purpose, courts should balance "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and prejudice to other parties."  *Buschmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 164 (3d Cir. 2007); *see also Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 680 (3d Cir. 1986) (in denying withdrawal, "the district court fairly balanced [moving counsel's] concerns with the court's need for effective communication and efficient administration" at the tail end of the proceedings).

Here, Movants seek to withdraw for three reasons.  First, they claim a conflict of interest has arisen between them and their clients.  Defendants' former counsel has sued both Movants and Defendants in state court for unpaid legal fees relating to this case.  Movants anticipate needing to file a counter-claim against Defendants in the state court proceedings, potentially putting Movants in an adverse position vis-à-vis their clients.  Second, Defendants have ceased all communications with Movants.  And third, Defendants have failed to pay Movants' outstanding invoices for legal fees.  Movs.' Br. 4-5.  While all these reasons may be valid grounds for granting leave to withdraw, Movants have cited no case law in support of their arguments, much less any law that <u>mandates</u> withdrawal.  This Court's own research revealed cases in which motions to withdraw were denied under substantially similar circumstances.  *See, e.g., In re DVI, Inc. Sec. Litig.*, No. CIV.A. 03-5336, 2014 WL 5430998, at *2 (E.D. Pa. Oct. 24, 2014) (withdrawal denied, even though client owed substantial amounts of legal fees, because filings were still pending and the court's ability to bring the case to resolution efficiently would be affected); *Alzheimer's Inst. of Am., Inc. v. Avid Radiopharmaceuticals*, No. 10-6908, 2011 U.S. Dist. LEXIS 140345, at *18 (E.D. Pa. Dec. 7, 2011) (the Local Rules and Pennsylvania's Rules of Professional Conduct permit the court to order counsel to remain in the case, despite apparent conflict, to avoid further delays); *Stevenson v. Rosemont Coll. of the Holy Child Jesus*, No. 08-cv-1833, 2008 U.S. Dist. LEXIS 103554, at *4 n.7 (E.D. Pa. Dec. 23, 2008) ("it would be harmful to the administration of justice to allow counsel to withdraw with dispositive motions pending," even though counsel had lost all contact with client).  Furthermore, given Movants' commitment to ensure the settlement agreement is formalized, their appearance continues to serve a meaningful purpose until such time as the parties execute that agreement or any subsequent proceedings arising under Local Rule 41.1(b) are completed.

This Court is conscious of the practical problems Movants may face in continuing their representation but, as in *McCune*, there is no indication that the relationship with their clients is so strained that they could not remain on this case for the limited purpose of executing the settlement agreement or completing any subsequent proceedings arising out of the Local Rule 41.1(b) dismissal.  The parties will not be prejudiced by this decision because, even if the agreement is never executed or even reduced to writing, it still provides a basis for seeking relief outside the contours of this litigation.  *See Good v. Pennsylvania, R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967) (it is a basic principle of contract law that a settlement agreement duly authorized by counsel is "valid and binding despite the absence of any writing or formality").

In sum, the motion to withdraw is denied, and this case is dismissed with prejudice and without costs pursuant to Local Rule 41.1(b).  Movants must continue their representation of Defendants in this case through the completion of any subsequent proceedings arising under Local Rule 41.1(b), unless and until an appearance by replacement counsel has been entered.  An appropriate order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II   J.